**Ajit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–77428, 06–71052.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 21, 2007.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Ajit Singh, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") order upholding the Immigration Judge's order denying withholding of removal and protection under the Convention Against Torture ("CAT") and its order denying his motion to reopen. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review Singh's denial of withholding of removal and CAT for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review in No. 05–77425. We deny the petition for review in No. 06–71052.

We lack jurisdiction to review the BIA's determination that Singh failed to file his asylum application within one year of her arrival to the United States *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir.2007).

Substantial evidence supports the BIA's adverse credibility determination because Singh admitted that his statements at the asylum interview were materially inconsistent with statements he made in his asylum application and at his hearing regarding the length of his detention. *Cf. Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir.2005). Singh failed to explain this inconsistency, *Kaur v. Gonzales*, 418 F.3d 1061, 1066–67 (9th Cir.2005), and it goes to the heart of the claim, *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

The BIA considered all the evidence in the record and properly concluded that Singh was ineligible for CAT relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001) (recognizing that it is petitioner's burden "to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

The BIA did not abuse its discretion in denying Singh's motion to reopen for failure to demonstrate prima facie eligibility for relief. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (recognizing that prima facie eligibility for relief is shown where "the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied").

**PETITION FOR REVIEW in 05–77428 DENIED in part; DISMISSED in part.**

**PETITION FOR REVIEW in 06–71052 DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.